HINTON *VS*. THE BANK OF COLUMBUS.

1. If the acceptor of a bill of exchange put it in circulation, he admits it to be a subsisting bill, and cannot be allowed, when sued on it, to allege that it was before that time paid.

Error to Mobile County court.

Assumpsit.—This is an action of assumpsit, by which the defendants in error sought to recover of the plaintiff in error, the amount of the bill of exchange described in the declaration. The bank claims title to the bill, through the endorsement of an individual of the same name with the plaintiff in error, who is sued as the acceptor, and his personal identity with the last endorser, was established by evidence produced at the trial. A demurrer to the declaration was interposed, on which judgment was rendered in favor of the plaintiff below. On the trial of the general issue, the identity of the endorser and acceptor having been shown, the defendant below moved the County court to instruct the jury, if they were satisfied the acceptor had paid the bill and took it up, if he afterwards endorsed it to the plaintiffs, they ought not to recover on the bill. The court refused to give this charge, but instructed the jury, "that a bill of exchange, drawn payable *to* order, and put in circulation, charges and binds all parties to it, until its maturity: that it might be endorsed, and change hands a hundred times, and the acceptor might even pay it before maturity, yet if he put it in circulation again, the parties were chargable until its maturity." To this charge, and

refusal to charge, the defendant below excepted, and now seeks to revise the supposed errors in these several decisions of the County court.

*Dunn,* for plaintiff in error.

GOLDTHWAITE, J.—The question which is supposed to arise from the circumstance of the acceptor and last endorser being one and the same person, is not shown in the declaration, as the sameness of the name is not sufficient to warrant the legal conclusion of identity ; therefore, the demurrer was properly overruled, without the consideration of this point.

The evidence before the jury did not prove, nor tend to prove the payment of the bill by any person, but if it was paid by the acceptor, and afterwards put in circulation by him, it would not be with him to insist on such a defence.   By putting it in circulation, he admitted, and, in effect said, to every holder, that it was a subsisting bill, and the legal presumption arising from his act, would warrant any other inference than that of payment.

The County court was therefore right in refusing to give the charge asked for, and in relation to that afterwards given, it is sufficient to say, that we do not conceive ourselves called on to examine its correctness.   If admitted to be erroneous,—and such it was unquestionably, when considered as ascertaining a rule for the decision of other cases,—it could, by no possibility, have prejudiced the defendant, as there was no evidence before the jury, to impair, in the least, the plaintiff's right

to a recovery. To determine so grave a question as the one which might arise on this bill, if any other of the parties to it was the defendant, would be to pre-judge the case, without any sufficient warrant from the facts in evidence.

No error was committed by the County court, to the prejudice of the defendant below,—and the judgment is affirmed.